IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

A.M. and J.W., individually and
o/b/o M.W.,

       Plaintiffs,

v.

NEW YORK CITY
DEPARTMENT OF EDUCATION

       Defendant.

Civ. No. 20-cv-1439
COMPLAINT

A.M. and J.W., individually and on behalf of M.W., a child with a disability, for their

complaint hereby allege:

PRELIMINARY STATEMENT

1.  This is an action alleging that Defendant, the New York City Department of Education

    ("DOE"), violated Plaintiffs' rights under the Individuals with Disabilities Education

    Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation

    Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law by failing to appoint an

    impartial hearing officer and failing to resolve Plaintiffs' due process complaint within the

    proscribed timelines.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. § 1331.

3.   This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

4.   Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Plaintiffs and Defendants are situated and/or reside.

5.   This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights, and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq*.

6.   If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq*.

## THE PARTIES

7.   A.M. and J.W. are M.W.'s Parents.

8.   A.M., J.W., and M.W. reside together in Manhattan, New York.

9.  Plaintiff M.W. is a 9-year-old student with a disability who is entitled to a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act[1] ("the IDEA").

10. M.W. is a qualified individual with a disability who is eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and is protected from discrimination based upon his disability.

11. Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing & Instructions of the Southern District of New York 21.3.

12. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2250 *et seq.*, that manages and controls the public school system of the City of New York and is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.  *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

13. Upon information and belief, the DOE receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions, including M.W., who reside within New York City. *See* 20 U.S.C. § 1412.

---

[1] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

14. Upon information and belief, the DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

15. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

16. The DOE operates the New York City Department of Education's Impartial Hearing Office to oversee the administrative and clerical aspects of IDEA Impartial Hearings. More specifically, the Impartial Hearing Office is responsible for, *inter alia*, processing requests for Impartial Hearings, appointing Impartial Hearing Officers from a rotational list maintained by that office, calendaring hearing dates, communicating with parties, and providing transcripts of hearings.

<u>LEGAL FRAMEWORK</u>

17. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

18. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

19. A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d) (1) (A)-(B).

20. A FAPE must "include an appropriate . . . elementary school . . . education in the State involved" . . . be provided in conformity with an IEP. *See* 20 U.S.C. §§ 1401(9), 1414(d)(2)(A); 8 NYCRR § 200.4(e)(1)(ii).

21. To be entitled to a FAPE, a child must have one or more of thirteen disabling conditions and, by reason of his/her disability, require "special education" and "related services." 34 C.F.R. § 300.8(a)(1).

22. Defendant is responsible for providing a FAPE to all eligible children in New York City and for promulgating policies and procedures in accordance with the IDEA. 20 U.S.C. §§ 1400-1419; 34 C.F.R. pt. 300.

23. Every child with the designated disability classifications is entitled to an Individualized Education Program, or "IEP," and the LEA (here, Defendant) must provide an IEP which must be individually tailored to each student and is meant to serve as a blueprint for each child's special education services. 20 U.S.C. § 1414(d); 34 C.F.R. § 300.8(c).

24. By the beginning of each school year, Defendant must have an IEP in place that offers a FAPE to each eligible child. 20 U.S.C. § 1414(d)(2). Before an IEP can be developed, a child must be evaluated in accordance with detailed procedures outlined in federal and state law.

25. A child is reevaluated in accordance with the same standards at least once every three years, or more frequently if a parent or school district believes it is necessary.

26. Among other things, an IEP must be developed by a properly constituted IEP team that includes particular members, including the parent and a district representative who is

knowledgeable about the services and able to commit district resources. 20 U.S.C. § 1414(d)(1)(B).

27. The IEP team must meet at least annually, and more frequently, if necessary, to modify a child's services and/or to address "[a] lack of expected progress toward the annual goals and in the general education curriculum." 20 U.S.C. § 1414(d)(4)(A)(ii)(I).

28. The IDEA broadly defines the categories of services that must be offered, which include, but are not limited to, special education, related services, supplementary aids and services, transition services, counseling services, and positive behavioral supports and services (collectively "Special Education Services").

29. The IDEA prescribes, in detail, the process for developing IEPs and their contents. 20 U.S.C. §§ 1414(d)(1)(A), (d)(2); 34 C.F.R. §§ 300.320(a)(2)-(3); 300.324; N.Y. Educ. Law § 4401, *et seq*.; 8 NYCRR§ 200.4(d)(2)(iii).

30. For example, an IEP must contain the results of a child's most recent evaluations, as well as an accurate and consistent description of his/him strengths and present levels of academic achievement and functional performance (called "Present Levels of Performance" or "PLOPs"). 20 U.S.C. § 1414(d)(1)(A).

31. An IEP must contain "a statement of the special education and related services and supplementary aids and services, based on peer-reviewed research to the extent practicable, to be provided to the child, or on behalf of the child, and a statement of the program modification or supports for school personnel that will be provided for the child." 20 U.S.C. § 1414(d)(1)(A)(i)(IV).

32. Each IEP must also contain research-based instructional strategies unless they are not feasible, including positive behavioral interventions and supports for children whose behavior impedes their learning and/or that of others. 34 C.F.R. §§ 300.320(a)(4), 300.324(a)(2)(i); 8 NYCRR §§ 200.4(d)(2)(v)(b), 200.4(d)(3)(i).

33. The Defendant is obligated to make decisions about IEPs, services and placements based on student's individual needs, and not policies, procedures or availability of resources.

34. Plaintiffs provided a private evaluation that the DOE relied upon that recommended, among other things:

> [M.W.] demonstrates clinically significant impairments in attention, behavior, and writing, which are making his current classroom setting an inappropriate one for him. The teaching staff at NEST recommended that a more restrictive DOE setting for him would be inappropriate because he is too highly functioning from an academic standpoint. Further, his behaviors precluded him safely being with higher functioning children. He had such strong behavioral deficits that it impacted him and his classmates. [M.W.] will require a small, supportive, full time special education setting, where the teachers and staff are experienced in supporting children with ASD, ADHD, and their associated behaviors. He requires a highly individual program with significant 1:1 teaching to help him learn to control his behaviors for the safety of [M.W.] and others. This will need to be a 12 month program, as children with his profile require constant reinforcement in order to sustain gains that he has made.

35. Defendant completely disregarded the private neuropsychological evaluation that it relied on to develop the IEP, contrary to *M.H. v. New York City Dep't of Education*, 685 F.3d 217, 258 (2d Cir. 2012).

36. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

37. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

38. The IDEA sets forth detailed requirements for hearing procedures. 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

39. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

40. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

41. From the date of filing a complaint, the LEA has thirty (30) days within which to settle or otherwise resolve the dispute. 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.510(a)(1). Within the meaning of IDEA, a "day" means a calendar day. 34 C.F.R. § 300.11(a).

42. If the dispute is not resolved to the satisfaction of the parents within a thirty-day "resolution period," it may proceed to a due process hearing. 20 U.S.C. § 1415(f)(1)(B)(ii) ("If the local educational agency has not resolved the complaint to the satisfaction of the parents within 30

days of the receipt of the complaint, the due process hearing may occur, and all of the

applicable timelines for a due process hearing under this subchapter shall commence."); 34

C.F.R. § 300.510(b)(1).

43. As directly relevant to the instant action, the law requires a final decision to be rendered in

the due process case within forty-five (45) days after the end of the thirty-day resolution

period. 34 C.F.R. § 300.515(a) ("The public agency must ensure that *not later than 45 days*

*after the expiration of the 30 day period . . .* [a] final decision is reached in the

hearing." (emphasis added)). This requirement is modified, however, by 34 C.F.R. §

300.515(c), which states that "[a] hearing or reviewing officer may grant specific extensions

of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of

either party." 34 C.F.R. § 300.515(c). This is commonly referred to as the "45 Day Rule."

44. New York implements the federal 45 Day Rule by state regulation. 8 NYCRR § 200.5(j)(5).

<u>NEW YORK'S SPECIAL EDUCATION DISPUTE RESOLUTION SYSTEM</u>

45. In New York, the primary means for initiating a special education dispute is the filing of a

written "request for an impartial due process hearing" with the DOE's Impartial Hearing

Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://

www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

46. The written request shall include "the name of the student; the address of the residence of the

student . . . the name of the school the student is attending; a description of the nature of the

problem of the student relating to such proposed or refused initiation or charge, including

facts relating to such problem; and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

47. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted in accordance with the following rules:

1. The rotational selection process *must be initiated immediately but not later than two business days after receipt by the school district of the due process complaint notice* or mailing of the due process complaint notice to the parent. . . . [and]

2. If the parent files the due process complaint notice, the decision is due *not later than 45 days* from the day after one of the following events, whichever shall occur first: (a) both parties agree in writing to waive the resolution meeting; (b) after either the mediation or resolution meeting starts but before the end of the 30-day period, the parties agree in writing that no agreement is possible; (c) if both parties agree in writing to continue the mediation at the end of the 30-day resolution period, but later, the parent or public agency withdraws from the mediation process or (d) the expiration of the 30-day resolution period." 8 NYCRR §§ 200.5(j)(3)(a) & (j)(5) (emphases added).

48. From the filing date of the Due Process Notice, the LEA has a 30-day period to try to resolve the dispute through mediation or a resolution meeting. 8 NYCRR § 200.5(j)(3)(iii)(3).

49. If the outcome of the resolution is to proceed to hearing, a hearing will be scheduled within fourteen days after the end of the resolution period, unless an extension is granted by the hearing officer to schedule the hearing beyond that time period. 8 NYCRR § 200.5(j)(5).

50. The Impartial Hearing Officer ("IHO") assigned must render and transmit a final written decision in the matter to the parties not later than 45 days after the expiration period or adjusted period for the resolution process. 34 CFR §§ 300.510(b)(2), (c), 300.515(a); 8 NYCRR § 200.5(j)(5).

51. A party may seek a specific extension of time of the 45-day timeline, which the IHO may grant in accordance with state and federal regulations. 34 CFR 300.515(c); 8 NYCRR § 200.5(j)(5).

52. "The impartial hearing officer shall not solicit extension requests or grant extensions on his or her own behalf or unilaterally issue extensions *for any reason*." 8 NYCRR § 200.5(j)(5)(i) (emphasis added).

53. A party aggrieved by the decision of an IHO may subsequently appeal to a State Review Officer (SRO). N.Y. Educ. Law § 4404(2); *see* 20 U.S.C. § 1415(g)(1); 34 CFR 300.514(b)(1); 8 NYCRR § 200.5(k).

## FACTS

54. Investigative reports conducted by CHALKBEAT and THE CITY have recently revealed the egregious backlog of special education cases at the DOE's Impartial Hearing Office. Characterizing the Hearing Office as an "overwhelmed" and "broken" system, advocates "fear the situation could continue to worsen," as there are "currently [only] five hearing

officers taking on new cases." Report of Alex Zimmerman, appended to this Complaint as Exhibit A.

55. With thousands of unresolved special education cases and no solution in sight, state officials are even considering "eliminating the requirement that [Hearing Officers] have a law degree" —anything to avoid further delays. Report of Reema Amin and Alex Zimmerman, appended to this Complaint as Exhibit B.

56. For now, unfortunately, Defendant is failing to comport with making timely impartial hearing officer appointments to cases.

FACTUAL ALLEGATIONS

57. On December 4, 2019, A.M. and J.W. filed a "Demand for Due Process" and requested an Impartial Hearing, alleging that the DOE had denied M.W. of a FAPE for the 2019-2020 school year and seeking funding for his placement at Academics West during the 2019-2020 school year. Exhibit C, appended to this Complaint.

58. In an email dated December 10, 2019, the Impartial Hearing Office notified Plaintiffs' counsel that the due process complaint had been processed as case number 191343. Exhibit D, appended to this Complaint.

59. In that same email, the Impartial Hearing Office notified Plaintiffs' counsel that there was "NO APPOINTMENT" of a hearing officer to their case. Exhibit D, appended to this Complaint.

60. On February 3, 2020, the Impartial Hearing Office notified Plaintiffs' counsel by email that the resolution period had ended as of January 3, 2020, stating, "[p]lease be advised that the

end of the resolution period for the above referenced case [case #191343] is 01/03/2020."

Exhibit E, appended to this Complaint.

61. Also on February 3, 2020, the Impartial Hearing Office emailed Plaintiffs' counsel that "NO

APPOINTMENT will contact you," meaning that no Hearing Officers were available to take

the case and essentially that no one would contact them. Exhibit F, appended to this

Complaint.

62. To date, an IHO has not yet been assigned to the case, and the Plaintiffs have been prevented

from engaging in their due process rights.

63. Defendant has not offered Plaintiffs the opportunity to engage in the resolution process.

64. The IDEA guarantees children with disabilities and their parents numerous legal rights

identified as "Procedural Safeguards." See generally 20 U.S.C. § 1415; 34 C.F.R. §

300.500-520:

> Any State educational agency, State agency, or local educational
> agency that receives assistance under this subchapter shall establish
> and maintain procedures in accordance with this section *to ensure that*
> *children with disabilities and their parents are guaranteed procedural*
> *safeguards* with respect to the provision of a free appropriate public
> education by such agencies.

20 U.S.C. § 1415(a) (emphasis added).

65. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a

complaint with respect to any matter relating to the identification, evaluation, or educational

placement of the child, or the provision of a free appropriate public education to such child."

20 U.S.C. § 1415(b)(6).

66. From the date of filing, the DOE has thirty (30) calendar days within which to settle or otherwise resolve the dispute. 20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. 300.510(a)(1).

67. "Prior to the opportunity for an impartial due process hearing [], the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint," which Defendant also failed to do. 20 U.S.C. § 1415(f)(1)(B).

68. Plaintiffs did not waive their right to a resolution meeting.

69. The law requires a final decision to be rendered in an Impartial Hearing within forty-five days after the end of the resolution period. 34 C.F.R. § 300.515(a) ("The public agency must ensure that not later than 45 days after the expiration of the 30 day period . . . [a] final decision is reached in the hearing.").

70. In violation of state and federal law and regulations, the DOE currently lacks a functioning system to adjudicate Plaintiffs' due process complaint.

71. Upon information and belief, the DOE's hearing system does not have sufficient resources to handle all of the cases at this time.

72. Plaintiffs here have attempted to exhaust their administrative remedies.

73. However, at this point, further exhaustion is either unwarranted, unnecessary or is futile under the circumstances, as exhaustion is not available due to the fact that Plaintiffs' claims cannot be exhausted through the administrative system in New York City.

74. Upon information and belief, Defendant's due process system is currently overwhelmed with the volume of hearing requests that they are receiving.

75. Upon information and belief, Defendant does not have sufficient resources to ensure timely due process and issuance of timely decisions.

76. Upon information and belief, Defendant does not have sufficient procedures in place to address emergency issues relating to IEP implementation, transportation and pendency raised by families who file due process hearings.

77. Upon information and belief, Defendant does not have adequate resolution process as mandated under the IDEA that enables Defendant to timely resolve and settle due process hearings that are filed, as Defendant cannot settle any hearings without the approval of New York City Comptroller.

78. Plaintiffs A.M. and J.W. are the parents of nine-year-old M.W., who has been diagnosed with Autism Spectrum Disorder, Attention Deficit/ Hyperactivity Disorder, Combined Type; and Specific Learning Disorder with Impairments in Written Expression.

79. Defendant has determined M.W. to be eligible for special education services as a student with a disability, based on his classification with Autism.

80. Plaintiff M.W. is known to the defendant DOE's Committee on Special Education ("CSE") by virtue of his substantial special education needs arising from his diagnosis of autism and resulting in, inter alia, dysregulation, emotional needs, executive functioning and learning disability, and socialization and pragmatic communication challenges, exacerbated by his attention and regulation challenges.

81.  The evaluative data and material available to the Parents and the DOE's CSE confirm that M.W. requires placement in a very small, highly structured, supportive therapeutic setting, with a low student to teacher ratio that provides a significant level of 1:1 teaching every day.

82.  For the 2019-2020 school year, the DOE has failed to offer M.W. an appropriate program and placement, and the parents, therefore, duly exercised their due process rights and requested an impartial hearing to adjudicate the dispute. Specifically, on December 4, 2019, A.M. and J.W. requested an impartial hearing, alleging that DOE has failed to provide M.W. with an appropriate special education program for the 2019-2020 school year. As a remedy for this failure, A.M., J.W., and M.W. requested that the DOE fund M.W.'s program and placement at Academics West, a non-approved private special education school that specializes in educating students with autism spectrum disorders.

83.  The Defendant has failed to follow the proscribed due process procedure as required by law and consequently has denied A.M., J.W., and M.W. of their right not only to a timely due process, but has denied them all of their due process entitlements.

84.  Plaintiffs now seek relief from this Court for the DOE's violation of their due process rights.

85.  Due to deficiencies and delays in the due process system as administered by Defendant, A.M., J.W., and M.W. cannot obtain access to an impartial hearing to address their allegations concerning the DOE's failure to offer M.W. a FAPE for the current 2019-2020 school year.

86. Upon information and belief, other students alleging entitlement to a FAPE have had impartial hearing officers assigned to their cases, have been invited to resolution meetings, and have had their complaints heard and adjudicated by an impartial hearing officer.

**Plaintiffs are Entitled to Additional Equitable Relief and Attorneys' Fees**

87. Plaintiff M.W. is entitled to additional equitable relief as appropriate.

88. The fees and costs charged by Plaintiffs' current counsel is consistent with market rates for the legal services performed, in light of counsel's experience and expertise and the complexity of the issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### THE IDEA

89. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

90. Defendant has denied M.W.'s right to a FAPE under the IDEA for the 2019-2020 school year.

91. Defendant has violated the IDEA by applying blanket policies, practices and procedures, as well as policies, practices and procedures that directly contravene the IDEA and deny Plaintiffs due process of law.

92. Defendant has violated Plaintiffs' procedural and due process rights under the IDEA.

93. Defendant has violated the rights of the Plaintiffs under the New York State Education Law §§ 3202, 3203, 4401, and 4410 and § 200 of the Regulations of the New York State Commissioner of Education. 8 N.Y. COMP. CODES R. REGS. § 200.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983

94. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

95. Defendant has violated 42 U.S.C. § 1983 by depriving Plaintiffs, under color of state law, of their rights, privileges, and immunities under federal statutory and constitutional law.

96. The Defendant violated Plaintiff's rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the provisions of the IDEA and Section 504 referenced herein were complied with, which deprived M.W. of his right to a free appropriate education under federal and state law.

97. Under color of state law, the Defendant deprived M.W. of his right to educational services afforded to him under New York State law, in violation of the Fourteenth Amendment of the U.S. Constitution. U.S. CONST. amend. XIV.

98. As a direct and proximate result of the Defendant's misconduct, M.W. has suffered and will continue to suffer harm because of Defendant's unlawful conduct.

## THIRD CAUSE OF ACTION
### NEW YORK STATE LAW

99. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

100. Defendant has violated New York State Education Law.

101. The Court has pendent jurisdiction over any state law claims.

## FOURTH CAUSE OF ACTION
### 20 U.S.C. § 1415
### VIOLATION OF THE 45 DAY RULE

102. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

103. Upon information and belief, the DOE, as SEA, receives federal funding and is, pursuant to 20 U.S.C. § 1415(a), charged with responsibility to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education."

104. The DOE has failed to ensure the timely resolution of special education disputes, as required by federal and state law.

## FIFTH CAUSE OF ACTION
### DECLARATORY JUDGMENT

105. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

106. Plaintiffs have a right to declaring and adjudging that Defendant's practices prevented Plaintiffs from having its dispute resolved within forty-five days and this Court assume jurisdiction.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE FOURTEENTH AMENDMENT
## BY DENYING PLAINTIFFS EQUAL ACCESS TO AN IMPARTIAL HEARING

107. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

108. Due to Defendant's failure to ensure procedures so that all children who are entitled to a FAPE have access to an impartial hearing, Plaintiffs have been denied equal access to the impartial hearing process and have been unfairly denied access to the system that other children have been afforded, thus denying them "equal" access to the impartial hearing process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.  Assume jurisdiction over this action;

B.  Declare and adjudge that the DOE violated the IDEA and related regulations by a breach of the 45-day Rule;

C.  Declare and adjudge that Defendant violated the IDEA and related regulations by denying M.W. a FAPE;

D.  Issue a Declaratory Judgement that Defendant has violated Plaintiffs' rights as alleged herein and in favor of the Plaintiffs and that the unilateral program and placement is reasonably calculated to provide M.W. an educational benefit and that there are no equitable circumstances that would preclude or diminish a funding award;

E.  Award Plaintiffs reasonable attorneys' fees and costs incurred in this action;

F.  In the alternative, order Defendant to immediately assign the case to an impartial hearing

officer or other type of administrative law judge; and

G.  Grant such other and further relief as may be appropriate.


Dated: February 19, 2020
         NEW YORK, NEW YORK


                                        Respectfully submitted,
                                         SPENCER WALSH LAW, PLLC

                                         /s/ Tracey Spencer Walsh
                                         Tracey Spencer Walsh
                                         Spencer Walsh Law, PLLC
                                         625 W. 57th Street, Suite 1810
                                         New York, New York 10019
                                         Tel. 212-401-1959
                                         Email: tracey@spencerwalshlaw.com